### The Sterling Company v. C. H. Roys, for Use of, etc.

1. CONSTRUCTION OF CONTRACTS—*Intention of the Parties.*—In construing a contract, the first point is to ascertain what the parties themselves meant and understood.

Assumpsit.—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

FRANK P. BLAIR, attorney for appellant.

P. H. BISHOP, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It is unnecessary to pass upon the motion to strike out the bill of exceptions, as the case is affirmed on the merits as shown by the bill.

There was an agreement between the parties as follows:

" This memorandum of agreement made between the Sterling Company and C. H. Roys & Co., on this the eighteenth day of November, A. D. 1893, witnesseth:

That whereas, the Sterling Company has two batteries of boilers in the main boiler room of the World's Columbian Exposition, all fully bricked in;

And whereas, the said Sterling Company is desirous of having said boilers in the main boiler room dismantled and all the brick work, brick and rubbish removed from the exposition grounds, in pursuance with the agreements and regulations of the World's Columbian Exposition;

And whereas, the said C. H. Roys & Co. is anxious to

undertake the removal of said brick and rubbish, therefore it is agreed between the two parties above mentioned that the Sterling Company, in consideration of the sum of one dollar, to it in hand paid, sells and assigns to the said C. H. Roys & Co. all the brick, fire-brick, etc., used in the two batteries above mentioned, reserving, however, the special title; C. H. Roys & Co., on its part, agreeing to remove said material from the World's Fair grounds in conformity with the rules of the Exposition Company, as above stated.

The Sterling Company,

E. R. Stettinius, Treas.

C. H. Roys."

To use the boilers, an iron smokestack, standing upon a brick foundation, the nearest part of which was about five feet from the boilers, was necessary. This suit is for the value of the brick in that foundation, such brick being claimed by the appellee under the contract, and having been sold by the appellant to another.

Such proof as there was of the value went in without objection, and there were no instructions asked. That proof showed that the brick of the foundation proved to be worth, to the purchaser, about ninety dollars; which under such circumstances justified the verdict for eighty-one dollars, if the appellee was entitled to recover at all.

The proper construction of the contract is that, "all the brick, fire-brick, etc., used in the two batteries," mean all of that kind of material which the appellant was required to remove under the rules of the exposition; which it is fair to assume—in the absence of any showing—required exhibitors to take away what they had brought.

The appellant proved that "a battery of boilers consists of two boilers, side by side, built in the same brick wall, as it were, as distinguished from a single boiler which is placed separate, and has the brick work by itself." And that definition accords with the contract, which assumes that the brick-work is no part of the battery; and so when the contract speaks of the "brick, fire-brick, etc., used in the batteries" it means used with the batteries.

The judgment is affirmed.